# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SERGIO L. SHAW,**

    **Plaintiff,**

  v.                                                             Case No. 08-C-311

**GREEN BAY CORRECTIONAL OFFICER FISHER,**

    **Defendant,**

## DECISION AND ORDER

Plaintiff, Sergio L. Shaw, who is incarcerated at Columbia Correctional Institution, filed this pro se civil rights complaint under 42 U.S.C. § 1983, and by Order of July 11, 2008 was permitted to proceed on his Eighth Amendment claims of excessive force and deliberate indifference to medical needs. Currently before me is the defendant's motion to dismiss, filed September 19, 2008.

With respect to motions to dismiss in pro se litigation, the Civil Local Rules provide:

Civil L.R. 56.1 Motions to Dismiss in Pro Se Litigation

> The procedure set forth in Civil L.R. 56.1(a) must also apply to motions to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) where matters outside the pleadings are presented to the Court.

Civil L.R. 56.1 Summary Judgment Motions in Pro Se Litigation

(a)    If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

        (1)    The motion must include a short and plain statement that any factual assertion in the movant's affidavit(s) or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the

> party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.
>
> (2) In addition to the foregoing statement, the text to Fed.R.Civ.P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1 must be part of the motion.
>
> (b) This procedure also applies to motions to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) where matters outside the pleadings are presented to the Court.

Civil L.R. 56.1(a) (E.D. Wis.).

Defendant's motion to dismiss relies upon the Affidavit of Tom Gozinske, which is a matter outside the pleadings. However, defendant's motion does not contain the "short and plain statement" required by the Civil Local Rules, or a copy of the text of Federal Rule of Civil Procedure 56(e) and (f), and Civil Local Rules 56.1, 56.2, and 7.1.

Based on defendant's failure to comply with the Civil Local Rules, his motion for summary judgment will be denied. However, defendant is advised that he may renew his motion for summary judgment, without refiling it, by providing plaintiff with the notice required in the Civil Local Rules.

## ORDER

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Docket # 14) be and hereby is **DENIED** without prejudice. Defendant is advised that he may renew his motion for summary judgment, without refiling it, by providing plaintiff with the notice required in the Civil Local Rules within 14 days of the date of this order.

2

**IT IS FURTHER ORDERED** that if defendant properly renews his motion for summary judgment, plaintiff must file a response within 30 days of service of the motion in accordance with Civil Local Rule 56.2.

Dated at Milwaukee, Wisconsin, this 21 day of October, 2008.

/s_____
LYNN ADELMAN
District Judge